IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASMINE QUINNEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 21-0311-WS-B |
| | ) |
| SOUTHEASTERN GROCERS, INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

    This recently removed action comes before the Court *sua sponte* on preliminary docket review.

    On July 16, 2021, defendant, Southeastern Grocers, Inc., filed a Notice of Removal (doc. 1), removing this action to this District Court. Defendant predicates federal subject matter jurisdiction solely on the diversity provisions of 28 U.S.C. § 1332. To satisfy its burden of establishing that the amount in controversy exceeds the sum or value of $75,000, defendant points to two factors. First, defendant observes that the Complaint alleges that plaintiff suffered unspecified "physical injuries," that she received unspecified "medical evaluation and treatment," that she has suffered "physical pain and mental anguish," and that plaintiff's counsel has identified medical expenses of approximately $19,000 and lost income of approximately $2,800. Second, defendant relies on plaintiff's pre-suit settlement demand of $95,000.

    These arguments leave significant doubt as to whether the amount in controversy exceeds $75,000. After all, this case involves a slip and fall in a grocery store. The Complaint is devoid of any indication of the nature or severity of plaintiff's injuries, but merely states in the most generic of terms that she "suffered physical injuries to her person." Moreover, plaintiff brings only a state-law negligence claim, and seeks only "compensatory damages and costs." Plaintiff's claimed hard damages total less than one-third of the minimum jurisdictional threshold. As for the settlement demand, it appears to be of little utility in the jurisdictional analysis because it failed to "furnish[] specific information to support those demands or otherwise consisted of

something beyond mere puffing and posturing." *Southern Tank Leasing, Inc. v. K & M Express, Inc.*, 2019 WL 1199473, *3 n.4 (S.D. Ala. Mar. 14, 2019); *see also Nationwide Property and Cas. Ins. Co. v. Dubose*, 180 F. Supp.3d 1068, 1072 (S.D. Ala. 2016) (explaining that the "utility of [settlement] demands in the jurisdictional analysis varies widely depending on the circumstances"); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp.2d 1279, 1281 (S.D. Ala. 2009) ("Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.").

"[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (quotations omitted). Moreover, "[i]t is in everyone's best interest, both the litigants' and the courts', to verify that diversity jurisdiction exists before proceeding with the case." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017). *Sua sponte* review of the Notice of Removal raises questions about the sufficiency of defendant's jurisdictional showing. In light of those concerns, defendant must supplement its Notice of Removal with evidence showing that the amount in controversy exceeds the jurisdictional amount. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89, 135 S.Ct. 547 (2014) ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, ***or the court questions***, the defendant's allegation.") (emphasis added).

Accordingly, defendant is **ordered**, on or before **August 3, 2021**, to supplement its Notice of Removal with facts and legal argument establishing by preponderance of the evidence that the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff may file a response, supporting by evidence and legal authorities as appropriate, on or before **August 10, 2021**. At that time, the jurisdictional issue will be taken under submission. Briefing on defendant's Motion to Dismiss (doc. 2) is **stayed** pending resolution of whether removal jurisdiction properly lies here.

DONE and ORDERED this 20th day of July, 2021.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE